IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-CV-00390-RJC
(3:07-CR-00218-RJC-1)

| | |
|---|---|
| JIMMY BRICE ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA ) | |
| ) | |

**THIS MATTER** is before the Court upon Petitioner's motion to vacate pursuant to 28 U.S.C. § 2255. (Doc. No. 1).

The Judgment regarding Petitioner's conviction and sentence was entered on November 24, 2008. (Case No. 3:07-cr-218, Doc. No. 50). The Mandate from his direct appeal was entered on March 29, 2010. Thus, his conviction and sentence became final on or about June 6, 2008. See Clay v. United States, 537 U.S. 522, 525 (2003) (conviction becomes final when the time expires for seeking review). At the earliest, Petitioner submitted the instant motion to vacate for filing on July 6, 2014, (Doc. No. 1 at 12), years after the limitations period expired.

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. § 2255 by imposing a one-year statute of limitations period for the filing of a motion to vacate. Section 2255(f) provides:

> (f) A 1 year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

   (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

  The Fourth Circuit has directed district courts to warn pro se petitioners prior to dismissing their habeas claims as untimely where the government has not filed a motion to dismiss based on the limitations period. <u>Hill v. Braxton</u>, 277 F.3d 701, 706 (4th Cir. 2002); <u>United States v. Sexton</u>, No. 02-6273, slip op. at 1 (4th Cir. Feb. 28, 2003).

  **IT IS THEREFORE, HEREBY ORDERED** that within twenty (20) days of the date of this Order, Petitioner shall file a document, explaining why he believes his motion to vacate (Doc. No. 1) should be deemed timely filed.

Signed: September 8, 2015

Robert J. Conrad, Jr.
United States District Judge