IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cv-00390-RJC
(3:07-cr-00218-RJC-1)

| | |
|---|---|
| JIMMY BRICE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on consideration of Petitioner's *pro se* Motion to Vacate, Set Aside or Correct Sentence which he filed pursuant to 28 U.S.C. § 2255. For the reasons that follow, Petitioner's § 2255 motion will be dismissed.

I. BACKGROUND

On February 12, 2008, Petitioner was convicted by a jury in this District on one count of bank robbery, and aiding and abetting the same, in violation of 18 U.S.C. §§ 2113(a) and 2 (Count One); one count of armed bank robbery and aiding and abetting the same, in violation of 18 U.S.C. §§ 2113(d) and 2 (Count Two); one count of possessing and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) (Count Three); and one count of possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g) (Count Four). Petitioner was sentenced on Counts One, Two and Four to concurrent terms of 180-months' imprisonment, and a consecutive term of 300-months' imprisonment on Count Three for a total term of 480-months. (3:07-cr-00218, Doc. No. 35: Jury Verdict; Doc. No. 50: Judgment). Petitioner's judgment was affirmed in all respects on appeal in a per curiam opinion. See United

1

States v. Brice, 369 F. App'x 416 (4th Cir. 2010) (unpublished). Petitioner did not petition the Supreme Court for a writ of certiorari.

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

In his § 2255 Motion to Vacate, Petitioner raises claims of ineffective assistance of counsel contending that his trial counsel failed to properly explain the charges against him, and that his counsel was ineffective when he failed to challenge the indictments because, as Petitioner maintains, the indictments were defective because the indictments failed to allege material portions of the statutes at issue. (3:14-cv-00390, Doc. No. 1: Section 2255 Motion at 5; Doc. No. 1-2: Petitioner's Mem. at 13, 18 & 23). Petitioner also contends that he is entitled to collateral relief based on the Supreme Court's opinion in Alleyne v. United States, 133 S. Ct. 2151 (2013). (Id., Doc. No. 1 at 5; Doc. No. 1-2 at 13).[1]

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides, in relevant part, that a one-year period of limitation shall apply to the filing of a motion under Section 2255(a). The limitation period shall run from the latest of—

---

[1] In Alleyne, the Supreme Court overruled its decision in Harris v. United States, 536 U.S. 545 (2002), in holding that any fact that increases a defendant's statutory minimum sentence must either be admitted by the defendant or submitted to a jury and found beyond a reasonable doubt.

2

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

As noted, Petitioner did not file a petition for a writ of certiorari with the Supreme Court therefore his judgment became final 90 days after the Fourth Circuit filed its opinion affirming his judgment. See Clay v. United States, 537 U.S. 522, 532 (2003) (holding that one-year time period begins to run when time for seeking certiorari following direct review expires). The Fourth Circuit filed its opinion on March 5, 2010, therefore Petitioner must have filed his § 2255 motion by June 3, 2011, but Petitioner did not file his § 2255 motion until July 6, 2014, at the earliest, which is the date he avers he placed the motion in the prison mailing system. (Id., Doc. No. 1 at 12). See Houston v. Lack, 487 U.S. 266, 276 (1988).

The form § 2225 motion which is used in this District in pro se cases contains a question that petitioners are required to fill out that addresses the timeliness of their motion under the provisions of § 2255(f). In Petitioner's motion, in explaining why the one-year time limitation in § 2255(f) does not bar his motion, Petitioner simply responded: "N/A." (Id. at 10-11). The Court therefore entered an order requiring Petitioner to explain why his § 2255 motion should be deemed timely filed. (Id., Doc. No.

3

2: Order) (citing Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002)). Petitioner filed a response in which he explains that he is an elderly man with a heart condition and poor eyesight, and Petitioner also notes that he only recently learned about the enactment of the AEDPA and its one-year time limitation from a fellow inmate. Petitioner contends that the Court should have mercy on him and allow a review of the merits of his motion. (Id., Doc. No. 3).

The Court finds that Petitioner's 2255 motion is untimely and he has offered no just reason to support an equitable tolling of the statute of limitation. In order to establish a case for equitable tolling, a petitioner must demonstrate that he has been (1) diligently pursuing his rights and (2) that there was an "extraordinary circumstance" which prevented a timely filing. See Holland v. Florida, 560 U.S. 631, 655 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).

A review of Petitioner's § 2255 motion makes it plain that his claim of ineffective assistance of counsel would have been known to him prior to trial and certainly during the pendency of his appeal and within the year that he had to file a § 2255 motion after his conviction became final. Yet, Petitioner waited more than four years after his time for filing a § 2255 motion expired to present this claim. Further, the Court finds that Petitioner's contention that he only learned about § 2255 proceedings, and the time limitations, is unavailing as he had been incarcerated for nearly seven years by the time he filed the instant motion and it would be incredible if he had not heard about the possibility of a post-conviction challenge to his judgment.

Finally, Petitioner's claim that the Alleyne opinion is retroactive on collateral review must fail. First, the Alleyne decision was filed on June 17, 2013, and Petitioner

4

did not file his § 2255 motion until July 6, 2014, therefore it is filed past the one-year limitation period under § 2255(f)(3). Secondly, as countless courts have noted, the Alleyne opinion has not been made retroactive to cases on collateral review. See United States v. Olvera, 775 F.3d 726, 730 n.12 (5th Cir. 2015) (collecting cases).

IV. CONCLUSION

Based on the foregoing, the Court finds that Petitioner's § 2255 motion is untimely and after considering the arguments he has presented, the Court finds that Petitioner cannot benefit from an equitable tolling of the one-year of statute of limitation.

**IT IS, THEREFORE, ORDERED** that Petitioner's § 2255 Motion to Vacate is **DISMISSED** as untimely. (Doc. No. 1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk of Court is respectfully directed to close this case.

**SO ORDERED.**

Signed: October 2, 2015

_____
Robert J. Conrad, Jr.
United States District Judge